J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Nicole L. Drey (SBN 250235)     JS-6
nicole@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California  91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Attorneys for Plaintiffs Disney
Enterprises, Inc. and Twentieth
Century Fox Film Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Disney Enterprises, Inc. and Twentieth Century Fox Film Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> Movie Goods, Inc., Robert McLauchlan, Robert L. Deakin, All Movie Replicas, and Does 1 through 10, inclusive, <br><br> Defendants. | Case No. CV09-4968 SJO (PJWx) <br><br> CONSENT DECREE |

The Court, having read and considered the Joint Stipulation for Entry of Consent Decree and Permanent Injunction that has been executed by Plaintiffs Disney Enterprises, Inc. and Twentieth Century Fox Film Corporation (collectively "Plaintiffs") and Defendants Movie Goods, Inc., Robert L. Deakin and Robert McLauchlan (collectively "Defendants") in this action, and good cause appearing therefor, hereby:

ORDERS that based on the parties' stipulation this Injunction shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendants.

2) Plaintiffs own or control the pertinent rights in and to their respective copyright and trademark registrations listed in Exhibits A-D attached hereto and incorporated herein by this reference. The copyrights and trademarks identified in Exhibits A-D are collectively referred to herein as "Plaintiffs' Properties".

3) Defendants are alleged to have made unauthorized uses of Plaintiffs' Properties or substantially similar likenesses or colorable imitations thereof.

4) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the Injunction are hereby restrained and enjoined from:

   a) Infringing Plaintiffs' Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, reproducing, distributing, advertising, displaying, selling and/or offering for sale any unauthorized or commercial product or logo which features any of Plaintiffs' Properties except as authorized by law, including the First Sale Doctrine ("Unauthorized Products"), and, specifically from:

      i) Importing, manufacturing, reproducing, distributing, advertising, displaying, selling and/or offering for sale the Unauthorized Products or any other unauthorized products or logos which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Properties except as authorized by law, including the First Sale Doctrine;

      ii) Importing, manufacturing, reproducing, distributing, advertising, displaying, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers

which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiffs' Properties except as authorized by law, including the First Sale Doctrine;

iii)     Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs, or are affiliated with Plaintiffs except as authorized by law, including the First Sale Doctrine;

iv)     Affixing, applying, annexing or using in connection with the importation, manufacture, reproduction, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of either of the Plaintiffs except as authorized by law, including the First Sale Doctrine.

5)     Each side shall bear its own fees and costs of suit.

6)     Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

7)     This Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

8)     The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendants after hearing and determination on Defendants' motion to have their injunction and consent decree filed under seal.

9) This Court shall retain jurisdiction over the Defendants for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof.

DATED: 12/10/10

*S. James Otero*
_____
Hon. S. James Otero
United States District Judge

PRESENTED BY:

J. Andrew Coombs, A Prof. Corp.

By: _____
    J. Andrew Coombs
    Annie S. Wang
    Nicole L. Drey
Attorneys for Plaintiffs Disney Enterprises, Inc. and Twentieth Century Fox Film Corporation

Grant, Genovese & Baratta, LLP

By: _____
    James M. Baratta
    Jason S. Roberts
Attorneys for Defendants Movie Goods, Inc. and Robert L. Deakin

Law Offices of Samuel Kornhauser

By: _____
    Samuel Kornhauser
Attorney for Defendant Robert McLauchlan